FILED'08 AUG 01 14:58USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WALT MODEN, MERLE CARPENTER,
CHARLES WHITLATCH, and JOHN
BAIR
        Plaintiffs,

    v.

UNITED STATES FISH AND WILDLIFE
SERVICE, DIRK KEMPTHORNE,
Secretary of the United States Department of
the Interior, and H. DALE HALL, Director
of the United States Fish and Wildlife Service,

    Defendants.

Civil No. 08-214-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge:

    Plaintiffs have filed a complaint under the Endangered Species Act ("ESA") alleging that

the United States Fish and Wildlife Service ("FWS") breached its nondiscretionary duty to utilize

the best available scientific and commercial data in its decision making, and that FWS's breach of

that nondiscretionary duty was arbitrary and capricious. This Court may have jurisdiction

pursuant to 28 U.S.C. § 1331 and 16 U.S.C. § 1540. Before this Court is Defendants' motion to

dismiss, and Plaintiffs' motion for summary judgment. For the reasons explained below, the

1 REPORT AND RECOMMENDATION

Court recommends granting Defendants' motion to dismiss and denying Plaintiffs' motion for summary judgment.

## I. BACKGROUND

FWS originally listed the Lost River Sucker and its fellow, the Short Nose Sucker, as endangered in 1988. 53 Fed. Reg. 27,130 (July 18, 1988). After finalizing a recovery plan and a proposed critical habitat for both species, 59 Fed. Reg. 61,744 (Dec. 1, 1994), a series of "massive die-offs" reduced the population of both species in 1995, 1996, and 1997. 69 Fed. Reg. 43,554, 43,555 (July 21, 2004). FWS conducted a five-year review of both species in 2001, pursuant to 16 U.S.C. § 1533(c). 67 Fed. Reg. 34,422, 34,423 (May 14, 2002).

In 2001, Plaintiffs submitted a 16 U.S.C. § 1533(b)(3) citizen petition, which required a response from FWS within 90 days. Moden v. U.S. Fish & Wildlife Serv., 281 F. Supp.2d 1193, 1199 (D. Or. 2003) ("Moden I"). Because FWS failed to meet the 90 day deadline, Plaintiffs filed a case in the United States District Court of Oregon against FWS for failure to perform a nondiscretionary duty in 2002. Id. at 1196. During the litigation, FWS published a response to Plaintiffs' petition, 67 Fed. Reg. 34,422 (May 14, 2002), which the district court considered. Moden I, 281 F. Supp.2d at 1205. The court found that FWS had not adequately explained its findings and remanded the response to FWS for further explanation. Id. at 1205.

FWS complied, publishing a new response in 2004. 69 Fed. Reg. at 43,557. The published response was negative, id., thereby terminating review of Plaintiffs' petition, 16 U.S.C. § 1533(b)(3)(A). FWS announced within the published response that it planned to conduct a

second five-year review of both species.[1]  69 Fed. Reg. at 43,558.

Because FWS had not completed the promised five-year reviews on the Lost River Sucker and the Short Nose Sucker by 2007, Plaintiffs filed a second case in the United States District Court of Oregon against FWS in 2007 on the grounds that FWS had "unlawfully withheld or unreasonably denied" the five-year review, seeking release of the five-year review within 60 days.  Moden v. U.S. Fish & Wildlife Serv., No. 07-799-CL (D. Or. 2007) ("Moden II").  After Plaintiffs initiated the suit, FWS completed a five-year review for both species. Subsequently, the parties agreed to dismiss the suit.  Id.

In the five-year reviews, FWS determined that the Lost River Sucker should be downlisted from endangered to threatened and that the Short Nose Sucker should remain listed as endangered.  U.S. Fish & Wildlife Service, Shortnose [sic] Sucker 5-Year Review (July 25, 2007), available at http://ecos.fws.gov/docs/five_year_review/doc1063.pdf; U.S. Fish & Wildlife Service, Lost River Sucker 5-Year Review (July 25, 2007), available at http://ecos.fws.gov/docs/five_year_review/doc1064.pdf.  Because FWS has not promulgated a rule downlisting the Lost River Sucker pursuant to 50 C.F.R. § 424.16(a), the Lost River Sucker remains listed as endangered.

Plaintiffs filed this suit alleging a claim for arbitrary and capricious agency action under the APA, 5 U.S.C. § 706, and failure to perform a nondiscretionary duty under the ESA, 16 U.S.C. § 1540(g)(1)(C).  Defendants now move to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Plaintiffs move

---

[1] Plaintiffs contend in this action that they did not appeal the termination of the petition because Plaintiffs believed that the five-year review "secured the reconsideration sought through the first suit."  Pls. Opp'n to Mot. to Dismiss, at 4.

for summary judgment and request leave to amend their complaint.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes about the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 260 (9th Cir. 1988). The court may dismiss a case for lack of subject matter jurisdiction when the court "lacks the statutory or constitutional power to adjudicate the case." Inst. for Wildlife Prot. v. U.S. Fish & Wildlife Serv., No. 06-35634, 2007 WL 4118136, at *2 (D. Or. July 24, 2007) (citing Home Builders Ass'n v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). Federal courts are presumptively without jurisdiction and the "burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

"Judicial review of administrative decisions involving the ESA is governed by [5 U.S.C. §] 706 of the APA." Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv., 273 F.3d 1229, 1235-36 (9th Cir. 2001) (citing 5 U.S.C. § 706; Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of the Navy, 898 F.2d 1410, 1414 (9th Cir. 1990)). Thus, where a final agency action is challenged through an ESA citizen suit, judicial review is governed by the "arbitrary and capricious" standard of the APA. Ariz. Cattle Growers' Ass'n, 273 F.3d at 1236 (citing Pyramid Lake Paiute Tribe, 898 F.2d at 1414). However, "[b]ecause '[t]he United States must waive its sovereign immunity before a federal court may adjudicate a claim brought against a federal agency,'" a plaintiff must first successfully state a claim under the ESA and the APA. Coos County Bd. of Comm'rs v. Kempthorne, 531 F.3d 792, 802 (9th Cir. 2008).

## III. DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction over Plaintiffs' APA claim because the FWS's five-year review is not a final agency action, 5 U.S.C. § 704, and that the Court lacks subject matter jurisdiction over Plaintiffs' ESA claim because there is no nondiscretionary duty alleged which allows Plaintiffs to bring suit, 16 U.S.C. § 1540(g)(1)(C). Plaintiffs concede in their response that they cannot secure through this suit their ultimate goal of challenging the substantive outcome of the five-year reviews.  However, Plaintiffs' contend that, because they allege in their complaint that they seek a remedy to compel agency action unlawfully withheld or unnecessarily delayed, 5 U.S.C. § 706(1), they can compel Defendants to proceed to the next step: make the five-year "determination" required under 16 U.S.C. § 1533(c)(2).  Plaintiffs seek leave to amend their complaint to state such a claim to the extent that it is not alleged, and move for summary judgment on that claim.  Defendants reply that Plaintiffs restated claim is not within the Courts' jurisdiction because Plaintiffs seek to compel agency action which is committed by law to the FWS's discretion.  Because both parties have presented arguments based on the proposed amendment to the complaint, the Court will address the motions as based on the proposed amendment.

A cause of action under either the ESA, 16 U.S.C. § 1540(g)(1)(C), or the APA. 5 U.S.C. § 706(1), "may proceed only if FWS has a nondiscretionary duty to begin the [downlisting] process - promptly or otherwise - as a result of the determination made in the Five-Year Review and has failed to act upon that duty." Coos County, 531 F.3d 792, 803 (9th Cir. 2008).  Thus, the Court must first determine whether FWS has a nondiscretionary duty under 16 U.S.C. § 1533(c) to publish a proposed rule following a five-year review.  See Bennett v. Spear, 520 U.S. 153, 178

(1997) (an agency action is final and, thus, reviewable, only where it marks the consummation of the agency's decision making process and it is an action "from which legal consequences will flow").

At the core of this controversy is whether the requirement that the FWS "determine" whether a species should be removed, downlisted, or uplisted on the basis of its five-year review constitutes a nondiscretionary requirement that the FWS initiate the rulemaking process.  See 16 U.S.C. § 1533(c)(2)(B).  5 U.S.C. § 1533(c)(2) states in its entirety that:

> The Secretary shall--
> (A) conduct, at least once every five years, a review of all species included in a list which is published pursuant to paragraph (1) and which is in effect at the time of such review; and
> (B) determine on the basis of such review whether any such species should--
>> (i) be removed from such list;
>> (ii) be changed in status from an endangered species to a threatened species; or
>> (iii) be changed in status from a threatened species to an endangered species.
> Each determination under subparagraph (B) shall be made in accordance with the provisions of subsections (a) and (b) of this section.

Plaintiffs assert that the last sentence of § 1533(c)(2) makes it obvious that merely issuing a status review is not the same thing as making the requisite "determination" and requires (1) a status review *and* (2) a formal determination on the basis of such review whether the status of a species should in fact be changed.

In Coos County, 531 F.3d 792, *supra*, the Coos County Board of Commissioners brought a suit under the ESA and the APA, contending that the FWS had failed to act on a nondiscretionary duty to remove a species from the threatened species list following a five-year review.  The Ninth Circuit ascertained after an extensive statutory analysis that the

6 REPORT AND RECOMMENDATION

"determination" required within 16 U.S.C. § 1533(c)(2) does not establish a requirement to initiate rulemaking apart from a determination of the current status of the species in question. Id. at 803-08. In response to Coos County's particular contention that the "in accordance with" language in 16 U.S.C. § 1533(c) imposes a statutory duty to initiate rulemaking in accordance with subsection (b), the Ninth Circuit found that "the 'in accordance with' clause of 16 U.S.C. § 1533(c)(2) does not incorporate the deadlines (and corresponding duties) associated with the [citizen] petition process" in 16 U.S.C. § 1533(b). Id. at 803. Instead, the court determined that the plain language of the statute was clear on its face, providing no fixed deadline or statutory duty to publish a proposed rule after a five-year review. Id. at 807. In addition, the court determined that the implementing regulations committed the decision to proceed to rulemaking following a five-year review to the discretion of the FWS. Id. at 808-09 (citing 50 C.F.R. § 424.21; 50 C.F.R. § 424.16; 50 C.F.R. § 424.17). The Ninth Circuit held that the Board had not alleged a failure to perform a nondiscretionary act or duty imposed by 5 U.S.C. § 1533 and failed to state a claim sufficient to waive the FWS's sovereign immunity. Id. at 801. Therefore, the Ninth Circuit affirmed the district court's determination that it lacked subject matter jurisdiction. Id.

In American Forest Resource Council v. Hall, 533 F. Supp.2d 84 (D.D.C. 2008), the American Forest Resource Council brought a suit alleging that the FWS failed to fulfill a nondiscretionary duty to promulgate rulemaking to change the status of a species on the threatened species list based on the FWS's five-year review. The District Court for the District of Columbia determined that "the result of the five-year status review does not necessarily lead to a corresponding change in either the status of the listed species or legal obligations related to a

listing." Id. at 93. Indeed, the court found that the action of initiating the rulemaking process by publishing proposed regulations implementing the findings of a five-year review was committed to the FWS's discretion by law. Id. at 92-93 (citing Coos County Bd. of Comm'rs v. Norton, No. 06-6010-HO, 2006 WL 1720496, at *1 (D. Or. June 19, 2006), aff'd, 531 F.3d 792, supra; 50 C.F.R. § 424.16(a) (based on the information received through a five-year review, "the Secretary may propose revising the lists as described in § 424.10" (emphasis added)). Thus, the district court held that the decision to maintain the threatened species listing was not subject to judicial review and, thus, the American Forest Resource Council did not state a cognizable claim under the APA, ESA, and NEPA.[2] Am. Forest, 533 F. Supp.2d at 94.

Even considering Plaintiffs' restated claim, following the analysis above and the implementing statutes, Plaintiffs' claim is not cognizable because 16 U.S.C. § 1533(c) does not impose a nondiscretionary duty to initiate the rulemaking process, and the FWS has full discretion following a five-year review to pursue rulemaking if it so chooses. Thus, because the plaintiffs' claims are not cognizable under the APA or the ESA, the Court does not have subject matter jurisdiction over this case. See Coos County, 531 F.3d at 801; Am. Forest, 533 F. Supp.2d at 94.

Plaintiffs argue that the present case is distinguishable from Coos County, 531 F.3d 792, supra, because in Coos County, the five-year review recommended no change to the listing status of the species at issue. Pls. Resp. to Supplemental Authority, at 1-2. Plaintiffs contend that where the results from a five-year review suggest a change in species listing status, as here, the

---

[2] NEPA stands for the National Environmental Policy Act, which requires federal agencies to consider the environmental impacts of their proposed actions and reasonable alternatives to those actions. NEPA is not at issue in the current proceeding.

FWS has a duty to propose a regulation implementing the results of the five-year review. Id. (quoting Coos County, 531 F.3d at 810 (the court "need not determine whether we nonetheless retain authority to compel FWS to publish at some point a proposed regulation based upon a five-year review determination to change a species's listing because FWS here determined that [the species'] listing status should not be changed") (citation omitted)).

"However, for a claim of unreasonable delay to survive, the agency must have a statutory duty in the first place." San Francisco Baykeeper v. EPA, 297 F.3d 877, 885 (9th Cir. 2002). Additionally, "the only agency action that can be compelled under the APA is action legally required," Norton v. S. Utah Wilderness Alliance, 524 U.S. 55, 63 (2004), and "a delay cannot be unreasonable with respect to action that is not required," id., at 63 n.1. Thus, regardless of the determination resulting from a five-year review, whether it suggests that a listing status should be changed or should remain the same, if rulemaking has not been initiated by the FWS at its discretion, the Court remains without jurisdiction to mandate action by the agency.

Defendants' motion to dismiss should be granted. Plaintiffs' request to amend should be denied because the amendment would be futile. See U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (futility of the proposed amendment, alone, supports denial of a motion to amend). Plaintiffs' motion for summary judgment should be denied.

Plaintiffs, however, are not without recourse. It appears that two options are available to Plaintiffs: (1) based on Defendants' counsel's representation at oral argument, Plaintiffs may still be able to challenge the FWS's 2004 negative response to Plaintiffs' citizen petition from 2001; or (2) in the alternative, Plaintiffs could file a new citizen petition. See Coos County, 531 F.3d at 812 (citing Am. Forest, 533 F. Supp.2d at 93 (stating that, if a party believes that a listing causes

9 REPORT AND RECOMMENDATION

"unwarranted injury, [it] has the right and the ability to petition FWS to delist" the species in question)).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that Defendants' motion to dismiss (#8) be granted; Plaintiffs' request for leave to amend be denied, and Plaintiffs' motion for summary judgment (#9) be denied; and that judgment be entered dismissing this case without prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on August 15, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____ day of AUGUST 2008



UNITED STATES MAGISTRATE JUDGE

10 REPORT AND RECOMMENDATION